UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JUAN SERGIO GALICIA, individually and in behalf
of all other persons similarly situated,

                                      Civil Action No.
         *Plaintiff,*                16 CV 1170 (RWS)

      -against-

34TH STREET COFFEE SHOP INC. d/b/a LUCKY'S
CAFÉ and NIKIFOROS ANAGNOSTOPOULOS,
jointly and severally,

                       *Defendants.*
-------------------------------------------------------------------------X

## MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFFS' MOTION TO
## CERTIFY CASE AS A FLSA COLLECTIVE ACTION

                                              HOFFMANN & ASSOCIATES
                                              *Attorneys for Defendants 34th Street Coffee Shop*
                                              *Inc. d/b/a Lucky's Café and Nikiforos*
                                              *Anagnostopoulos*
                                              450 Seventh Avenue, Suite 1400
                                              New York, New York 10123
                                              Tel (212) 679-0400
                                              Fax (212) 679-1080

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JUAN SERGIO GALICIA, individually and in behalf
of all other persons similarly situated,

        Plaintiff,

-against-

34TH STREET COFFEE SHOP INC. d/b/a LUCKY'S
CAFÉ and NIKIFOROS ANAGNOSTOPOULOS,
jointly and severally,

        Defendants.
------------------------------------------------------------------x

Civil Action No.
16 CV 1170 (RWS)

MEMORANDUM OF LAW
IN OPPOSITION TO
PLAINTIFF'S MOTION
TO CERTIFY CASE AS A
FLSA COLLECTIVE
ACTION

## PRELIMINARY STATEMENT

Defendants 34th Street Coffee Shop Inc. d/b/a Lucky's Café and Nikiforos Anagnostopoulos (collectively, the "defendants"), submit this memorandum of law in opposition to plaintiffs' motion to certify this case as a FLSA collective action ("plaintiffs' motion"). For the reasons discussed below, defendants respectfully request that the plaintiff's motion be denied in its entirety.

## STATEMENT OF FACTS

Plaintiff filed the complaint herein on February 16, 2016. Plaintiff's instant motion seeks to grant certification of the case as a FLSA collective action pursuant to 29 U.S.C. §216(b) and to obtain the names and addresses of, and to send notice of the lawsuit to, all current and former employees who were employed by the defendants for the prior three (3) years.

Plaintiff's motion must be denied because he has failed to make the evidentiary showing necessary to entitle him to conditional certification and/or notice to putative FLSA class members. Specifically, plaintiff has failed to show that (1) he is similarly situated to members of the putative FLSA class; or (2) any purportedly unlawful employment practices exist applicable to all class members.

## ARGUMENT

### I. STANDARD OF REVIEW

The Fair Labor Standards Act ("FLSA") provides for a collective action to recover unpaid overtime compensation "by any or more employees for and in behalf of himself or themselves and other employees similarly situated." See 29 U.S.C. § 216(b). Collective action status under the FLSA is achieved through a two-step process. Under the first step, which is pertinent to this motion, the district court has the discretionary power to authorize the sending of a notice to potential class members in a collective action brought pursuant to 29 U.S.C. § 216(b), asking them whether they wish to "opt-in." See *Myers v. Hertz Corp.*, 624 F. 3d 537, 554-55 (2d Cir. 2010). However, before a court will facilitate notification to potential FLSA class member of the opportunity to opt in to the collective action, a plaintiff must demonstrate, based on pleadings and affidavits, that he is similarly situated to the putative FLSA class members. *Myers*, 624 F. 3d at 554-55; *Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 197 (S.D.N.Y. 2006).

At this initial stage of the proceedings, a plaintiff's burden may be satisfied by a modest factual showing sufficient to demonstrate that plaintiff and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law. *Gjurovich v.*

*Emmanuel's Marketplace, Inc.,* 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003). While this burden is modest, it is a burden nonetheless; and as the Supreme Court has instructed, notice should *only* be authorized in "appropriate cases." See *Hoffman-Laroche Inc. v. Sperling,* 493 U.S. 165, 169 (1989) (emphasis added). Plaintiff cannot meet his burden by making mere "unsupported assertions." *Myers,* 624 F.3d at 555. Instead, "conclusory allegations or lack of a nexus with the putative class will prevent the case from moving forward as a collective action." *Mendoza v. Casa de Cambio Delgado Inc.,* No. 07CV2579 (HB), 2008 WL 938584, at *1 (S.D.N.Y. Apr. 7, 2008). "[W]here [as here] a defendant employer shows… that the potential recipients of the notice are *not* similarly situated to the plaintiff… a court may refuse to authorize notice or postpone deciding the issue pending further discovery and motion practice." See *Amendola v. Bristol-Meyers Squibb Co.,* 558 F. Supp. 2d 459, 467 (S.D.N.Y. 2008) (emphasis added); *Levinson v. Primedia Inc.,* No. 02 Civ. 2222(CBM), 2003 WL 22533428, at *2 (S.D.N.Y. Nov. 6, 2203) (noting that for conditional certification, plaintiff must make "a factual showing that extends [the purported illegal policy] beyond their own circumstances").

As discussed below, in the present case plaintiff has not satisfied his initial burden of demonstrating that he and the putative FLSA class members were victims of a common policy or plan that violated the law as to warrant the exercise of the Court's discretionary power to facilitate the sending of notice of the collective action to putative FLSA class members. As such, plaintiff's motion must be denied in its entirety. See *Haseley v. Travel Team, Inc.,* No. 10-CV-0838A (SR), 2011 WL 6100610 (W.D.N.Y. Sept. 13, 2011).

## II. PLAINTIFF'S MOTION MUST BE DENIED BECAUSE HE HAS FAILED TO DEMONSTRATE EVEN A MODEST FACTUAL SHOWING OF A COMMON POLICY OF PLAN THAT VIOLATED THE LAW

Plaintiff broadly alleges that the defendants maintained a policy and practice common at their restaurant requiring putative class members to work for less than the applicable minimum wage and/or in excess of forty hours per week without being properly paid for these hours. Plaintiff, however, fails to bring forth any specific factual allegations to support this statement. Rather, plaintiff's allegations contained in the complaint herein and his affidavit falls far short of demonstrating that the proposed collective action class members employed at said restaurant were subject to any kind of common policy or plan that violated the law. In truth, defendants have shown that plaintiff worked at the restaurant for only four days. As such, he has nothing in common with the people who actually worked there.

Section 216(b) of the FLSA permits employees to bring actions for violations of the FLSA's minimum wage and overtime pay provisions on behalf of themselves and, under appropriate circumstances, other similarly situated employees. See 29 U.S.C. 216(b). Under this provision, district courts are vested with the discretionary authority to permit a mater to proceed as a collective action and authorize the issuance of a notice to potential opt-in plaintiffs. See *Levinson v. Primedia Inc.*, No. 03 Civ. 2222, 2003 WL 22533428, at *1 (S.D.N.Y. Nov 6, 2003).

### i. *Plaintiff has failed to present evidence that putative class members are "similarly situated" for the purposes of Section 216(b)*

Conclusory allegations in affidavits devoid of evidentiary specifics will not satisfy the burden of establishing that a notice may be permitted to be sent. See, e.g. *Prizmic v. Armour, Inc.* No. 05-CV-2503. 2006 WL 1662614 (E.D.N.Y. June 12, 2006) (plaintiff's general allegations that he and other insulation installers were denied overtime compensation was

4

insufficient to warrant certification). The risk of allowing conditional certification on such minimal evidence is that it can facilitate class action abuse. In the key case on this issue, *Hoffmann-LaRoche, Inc. v. Sperling,* the Supreme Court observed that "class actions serve important goals but also present opportunities for abuse." 493 U.S. 165, 171 (1989), requiring a plaintiff to make a modest factual showing that others have suffered the same injury works to prevent class action fishing expeditions.

Plaintiff has submitted an affidavit in support of his motion, claiming that he has personal knowledge of others who are similarly situated. He relies on the bald conclusions that many of such unnamed employees were not paid proper minimum wages or overtime compensation, and of those who are named, it is doubtful whether defendants violated their rights as they have never submitted their own complaints or opted to join in the above-captioned lawsuit. Plaintiff also does not adequately include their dates of service, shift hours or any other detail about their employment. In his affidavit he lists broad, generic duties of those who work in a restaurant. Thus, it is doubtful that the plaintiff could represent others "similarly situated" when the plaintiff alleges vague descriptions of general duties of those who work in a restaurant.

These types of conclusory assertions are routinely found to be insufficient for purposes of authorizing notice. When a plaintiff fails to provide any detail beyond "unsupported assertions and conclusory allegations" in describing the employment conditions of classes of employees other than his own, the court may find that "[t]he factual record supporting [the certification motion] … is insufficient to support even an inference that a common policy or plan that violated the law existed with respect to [other] variet[ies] potential opt-in plaintiff[s]." See *Sanchez v. JMP Ventures, LLC,* No. 13-CV-7264-KBF,

2014 WL 475542, at *1-2 (S.D.N.Y. Jan 27, 2014). In *Sanchez*, the court denied the plaintiff's motion for conditional certification of a class composed of "all tipped employees, including delivery persons, bussers, runner, waiters and bartenders," where the plaintiff had "worked solely as a delivery person." Although the plaintiff had alleged that the policies to which he was subject were a "common practice" of the defendant employer, his claimed basis of knowledge consisted only of "observations" and "conversations" with other employees, of which he failed to provide any detail. See *id.* at *2. Finding such a proffer insufficient, the court held that "[c]onditional certification of the class proposed by plaintiffs… is not supported by plaintiff's declaration," and denied the certification motion. *Id.*

### ii. *Plaintiff fails to make any showing of wrongdoing at the restaurant*

Plaintiff alleges that he was not paid the proper minimum wages or overtime wages under the FLSA and NYLL, that defendants failed to pay plaintiffs overtime compensation and statutory minimum wage for hours worked. He seeks conditional certification of this matter as a collective action under 29 U.S.C. § 216(b) and requests permission to send a notice to all employees of the restaurant within the last three (3) years prior to the filing of the complaint.

Plaintiff has provided nothing but the conclusory statement that he "knows" that the restaurant had a policy to not properly compensate its employees. There are many infirmities with plaintiff's baseless claims. In truth, he worked at the restaurant for only *four days*. Plaintiff's conclusory statements are insufficient because he has not described the basis for his alleged knowledge and belief that other employees have not been properly compensated. Though plaintiff identifies the first names of several others who he contends were not paid lawfully, the plaintiff submitted no proof from these people that they were, in fact, required

6

to work more than forty hours while being paid at a flat rate less than minimum wage or any other details about their employment. Since the affidavit cannot be trusted and must be rejected on its face, there is no evidence in the record to support granting the instant relief. See *Rodolico v. Unisys Corp.,* 199 F.R.D. 468, 480 (E.D.N.Y. 2001).

Further, and more importantly, courts require more than a conclusory allegation that there are other employees who were not properly compensated. In order for a motion for collective action to be granted, at a minimum affidavits must be submitted that specifically identify: (1) other individuals who were subject to the same alleged unlawful policy as plaintiffs; (2) the time period during which the other individuals were not properly compensated; (3) the basis for which the plaintiffs know that other individuals were not properly compensated; (4) the manner in which the other individuals were not properly compensated; and (5) a description of the other individuals' job duties. See *Guan Ming Lin v. Benihana Nat'l Corp.,* 2010 U.S. Dist. LEXIS 132871, 12-13 (S.D.N.Y. Nov. 9, 2010) (although plaintiff stated that he observed other similarly situated employees being improperly paid, since he failed to identify any of them, describe how any of them were paid, describe any of their job duties, or identify which defendant restaurant employed them, his allegations were too conclusory to establish the requisite factual nexus with other members of the putative collective action); *Seever v. Carrols Corp.,* 528 F. Supp. 2d 159, 173 (W.D.N.Y. 2007) (denying motion for collective action where affidavits in support of the motion were vague as to the material circumstances surrounding the alleged violations, such as whether the acts occurred during the time period relevant to the action); *Mendoza v. Casa De Cambio Delgado, Inc.,* 2008 U.S. Dist. LEXIS 27519, 6-7 (S.D.N.Y. Apr. 7, 2008) (denying motion for collective action where not one affidavit stated a factual nexus with other putative

employees); *Morales v. Plantworks, Inc.,* 2006 U.S. Dist. LEXIS 4267 (S.D.N.Y. Feb. 2, 2006) (denying conditional certification based upon plaintiffs' conclusory allegation that "there are over 20 current and former employees that are similarly situated to plaintiffs and have been denied minimum wage and overtime compensation while working for defendants"); *Barfield v. New York City Health & Hospital Corp.,* 2005 Dist. LEXIS 28884 (S.D.N.Y. Nov. 18, 2005) (denying certification where plaintiff provided "nothing but limited anecdotal hearsay to suggest that there is widespread practice").

Plaintiff's conclusory claims about the restaurant and common employment practices based on four days of service must be seen for what they are – an attempt to bootstrap his phony and contrived case against a tiny restaurant in the hope of improperly leveraging an unwarranted settlement.

## CONCLUSION

For the foregoing reasons, plaintiff's motion must be denied in its entirety.

Dated: New York, New York
April 26, 2017

Respectfully submitted,

HOFFMANN & ASSOCIATES

By: _____
Andrew S. Hoffmann, Esq.
*Attorneys for Defendants 34th Street Coffee Shop Inc. d/b/a Lucky's Café and Nikiforos Anagnostopoulos*
**450 Seventh Avenue, Suite 1400**
**New York, New York 10123**
**Tel (212) 679-0400**
**Fax (212) 679-1080**

8