```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  8/30/2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

JUAN SERGIO GALICIA, individually and in
behalf of all other persons similarly
situated,

                       Plaintiff,

   -against-

34TH STREET COFFEE SHOP INC. d/b/a
LUCKY'S CAFÉ and NIKIFOROS
ANAGNOSTOPOULOS, jointly and severally,

                       Defendants.

------------------------------------------X

16 Civ. 1170 (RWS)

OPINION and ORDER

A P P E A R A N C E S:

        Attorneys for Plaintiff

        LAW OFFICE OF JUSTIN A. ZELLER, P.C.
        277 Broadway, Suite 408
        New York, NY 1007
        By:  Brandon D. Sherr, Esq.
             Justin A. Zeller, Esq.

        Attorneys for Defendants

        HOFFMAN & ASSOCIATES
        450 Seventh Avenue, Suite 1400
        New York, NY 10123
        By:  Andrew S. Hoffman, Esq.

Sweet, D.J.

Plaintiff Juan Sergio Garcia ("Garcia" or the "Plaintiff") has moved pursuant to 29 U.S.C. § 216(b) to conditionally certify his lawsuit against Defendants 34th Street Coffee Shop, Inc., doing business as Lucky's Café ("Lucky's) and Nikiforos Anagnostopoulos ("Anagnostopoulos" and, together with Lucky's, "Defendants") as a collective action under the Fair Labor Standards Act ("FLSA") and to authorize the distribution of a notice regarding Plaintiff's collective action. Based on the reasons set forth below, Plaintiff's motion is granted.

**Prior Proceedings**

Plaintiff filed his complaint on February 16, 2016 (the "Complaint," Dkt. No. 1). The Complaint alleged that Defendants violated FLSA, 29 U.S.C. § 201 et seq., and New York labor laws by failing to pay minimum wages, pay overtime compensation, provide notice of pay rates, and post notices of employees' rights.

On March 29, 2017, Plaintiff filed the instant motion. (Dkt. No. 20.) The motion was heard on May 10, 2017. On June 12, 2017, Defendants wrote the Court to supplement the record, (Dkt.

1

No. 33), and the motion was marked fully submitted on June 13,
2017.

**Facts**

The following is based on Plaintiff's Complaint and
affidavit submitted in support of the instant motion. They do
not constitute factual findings of the Court.

Plaintiff was employed as a busboy by Anagnostopoulos at
Lucky's, a full-service restaurant located in Kips Bay, from
Spring 2015 through September 2015. During this time, Plaintiff
was paid approximately $240 per week in cash for working
approximately sixty-nine hours per week. Plaintiff states he was
not paid proper minimum wages or overtime and that, while he was
employed, Defendants did not provide information about employee
pay rates or keep notices posted of employees' legal wage
rights. While employed at Lucky's, Plaintiff observed several
other Lucky's employees, who were employed as waitresses and
delivery persons and whose names and working hours Plaintiff
details, not being paid proper wages[1]; Plaintiff specifically

---

[1]    In his supporting affidavit, Plaintiff identifies Arietta,
a waitress who Plaintiff saw worked from 6 a.m. to 4 p.m., five
or six days a week, and Benito, a deliveryman, who worked from 6
a.m. to 4 or 5 p.m. (Pl.'s Aff. ¶¶ 2-3.) Plaintiff names two

identifies a conversation he had with one of these other
employees, Arietta, who described being paid her pay and tips in
cash and which totaled a sum "'a hundred and something' dollars
per week." (Affidavit of Plaintiff in Support of Motion to
Conditionally Certify Collective Action dated February 23, 2017
("Pl.'s Aff.") ¶ 4, Dkt. No. 24.)


**Applicable Standards**


The FLSA provides that an employee whose rights under the
FLSA were violated may file an action in any federal or state
court of competent jurisdiction "for and in behalf of himself or
themselves and other employees similarly situated." 29 U.S.C. §
216(b). Although not required, under the FLSA, "district courts
have discretion, in appropriate cases, to implement § 216(b) by
facilitating notice to potential plaintiffs of the pendency of
the action and of their opportunity to opt-in as represented
plaintiffs." Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir.
2010) (alterations and internal quotation marks omitted).

---

additional waitresses, Carmen and Irene, without providing their
working hours, and an unnamed delivery person, who worked from
10 a.m. to 9 p.m.. (Pl.'s Aff. ¶¶ 2-3.)

The Second Circuit has endorsed a two-step process for determining whether an action may proceed collectively under Section 216(b). See, e.g., Myers, 624 F.3d at 554. In the first stage of the analysis, a district court must make an initial determination as to whether the named plaintiffs are "similarly situated" to the putative collective members. Id.; see also Gauman v. DL Rest. Dev. LLC, No. 14 Civ. 2587 (RWS), 2015 WL 6526440, at *1 (S.D.N.Y. Oct. 28, 2015) ("The Court is not concerned with weighing the merits of the underlying claims, but rather with determining whether there are others similarly suited who could opt into the lawsuit and become plaintiffs."); Cunningham v. Elec. Data Sys. Corp., 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010) (quoting Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)). If a plaintiff makes a "modest factual showing" that she and the potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law," conditional certification and court-facilitated notice is appropriate. Myers, 624 F.3d at 555 (citation omitted); see also Cunningham, 754 F. Supp. 2d at 644; Lynch, 491 F. Supp. 2d at 368. This initial phase is often termed the "notice stage." Lynch, 491 F. Supp. 2d at 368.

The second stage, after discovery is completed, is where "if it appears that some or all members of a conditionally

certified class are not similarly situated," a "defendant may
move to challenge certification, at which point a court will
conduct a more searching factual inquiry as to whether the class
members are truly similarly situated." Viriri v. White Plains
Hosp. Med. Ctr., No. 16 Civ. 2348 (KMK), 2017 WL 2473252, at *2
(S.D.N.Y. June 8, 2017) (internal quotation marks omitted)
(quoting Jenkins v. TJX Cos., 853 F. Supp. 2d 317, 320-21
(E.D.N.Y. 2012)). At that time, "[i]f the claimants are indeed
similarly situated, the collective action proceeds to trial, and
if they are not, the class is decertified, the claims of the
opt-in plaintiffs are dismissed without prejudice, and the class
representative may proceed on his or her own claims." Malloy v.
Richard Fleischman & Assocs. Inc., No. 09 Civ. 322 (CM), 2009 WL
1585979, at *2 (S.D.N.Y. June 3, 2009) (citing Lee v. ABC Carpet
& Home, 236 F.R.D. 193, 197 (S.D.N.Y. 2006).

     The instant motion is the first stage, while a "modest
factual showing" cannot "be satisfied simply by unsupported
assertions," but nevertheless remains a "low standard of proof
because the purpose of this first stage is merely to determine
whether similarly situated plaintiffs do in fact exist." Myers,
624 F.3d at 555 (internal quotation marks omitted). "Plaintiffs
may satisfy this requirement by relying on their own pleadings,
affidavits, declarations, or the affidavits and declarations of

other potential class members." Hallissey v. Am. Online, Inc.,
No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19,
2008). A district court "does not resolve factual disputes,
decide substantive issues going to the ultimate merits, or make
credibility determinations. Indeed, a court should not weigh the
merits of the underlying claims in determining whether potential
opt-in plaintiffs may be similarly situated." Amador v. Morgan
Stanley & Co. LLC, No. 11 Civ. 4326 (RJS), 2013 WL 494020, at *3
(S.D.N.Y. Feb. 7, 2013) (internal quotation marks omitted)
(quoting Lynch, 491 F. Supp. 2d at 368, and collecting cases).
Given this "fairly lenient standard," courts "typically grant[ ]
conditional certification." Ravenell v. Avis Budget Car Rental,
LLC, No. 08 Civ. 2113 (SLT) (ALC), 2010 WL 2921508, at *2
(E.D.N.Y. July 19, 2010) (quoting Malloy, 2009 WL 1585979, at
*2).


## Plaintiff's Motion for Conditional Certification is Granted

Plaintiff needs only to present a modest showing at this
stage, a burden that has been met. Between his pleading and
affidavit, Plaintiff has identified by name other employees at
Lucky's who were employed in similarly situated jobs as he and
whose working hours and pay would, as described, have
constituted subminimum wages and unpaid overtime hours similar

to Plaintiff's alleged situation. See Shajan v. Barolo, Ltd.,
No. 10 Civ. 1385 (CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2,
2010) (granting conditional certification holding that named
"waiters, bartenders and busboys" were "similarly situated" to
one another as service employees who qualify for tips).
Moreover, Plaintiff identifies a conversation he had with
Arietta, one of the identified Lucky's employees, about her
wages, which supports Plaintiff's other observations, such as
witnessing the underpayment of those other employees and the
absence of proper posted notices in Lucky's. "Nothing more is
needed at this stage" to warrant conditional certification. Id.,
2010 WL 2218095, at *1; see Wraga v. Marble Lite, Inc., No. 05
Civ. 5038 (JG) (RER), 2006 WL 2443554, at *2 (E.D.N.Y. Aug. 22,
2006) ("Courts routinely grant such motions based upon employee
affidavits setting forth a defendant's plan or scheme to not pay
overtime compensation and identifying by name similarly situated
employees.") (collecting cases).

     Defendants contend that this showing has not established
similarly situated putative class members or a showing of wrong-
doing, and in part undergird their arguments by pointing to
Anagnostopoulos' own affidavit, Defendants' attached exhibits,
and a portion of Plaintiff's deposition transcript. Defendants'
position in incorrect for two reasons.

                                7

First, Defendants' reliance on materials outside
Plaintiff's submissions invites a consideration of facts and
adjudication of credibility—for example, did Plaintiff actually
have conversations with other Lucky's employees as he alleges—
merits determinations that are "improper at this preliminary
stage." Valerio v. RNC Indus., LLC, 314 F.R.D. 61, 72 n.4
(E.D.N.Y. 2016) (rejecting consideration of defendants'
submission of plaintiff's deposition at conditional
certification stage); see also Bijoux v. Amerigroup N.Y., LLC,
No. 14 Civ. 3891 (RJD) (VVP), 2015 WL 4505835, at *13 (E.D.N.Y.
July 23, 2015) ("[T]he focus of the court's inquiry is not on
the defendants' evidence, but on whether the plaintiffs have
made their requisite showing."); Garcia v. Four Bhd. Pizza,
Inc., No. 13 Civ. 1505 (VB), 2014 WL 2211958, at *6 (S.D.N.Y.
May 23, 2014) (holding the same); Shajan, 2010 WL 2218095, at *1
(stating that, at the conditional certification stage, a
"[w]eighing of the merits is absolutely inappropriate").

Second, unlike the authority cited by Defendants where the
court denied conditional certification, Plaintiff here has
submitted an affidavit in support of his Complaint and has
provided some details in support of his allegations, such as
names and a conversation with a similarly situated employee. By

8

contrast, Defendants' authority demonstrates that allegations completely devoid of detail warrant denial of conditional certification. See Sanchez v. JMP Ventures, L.L.C., No. 13 Civ. 7264 (KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) ("Plaintiff does not, however, provide any detail as to a single such observation or conversation. As a result, the Court does not know where or when these observations or conversations occurred, which is critical in order for the Court to determine the appropriate scope of the proposed class and notice process. (emphasis in original)); Prizmic v. Armour, Inc., No. 05 Civ. 2503 (DLI) (MDG), 2006 WL 1662614 (E.D.N.Y. June 12, 2006) ("Here, plaintiff has not submitted any evidence by affidavit or otherwise to demonstrate that he and other potential plaintiffs were victims of a common policy or plan that violated the law."); Morales v. Plantworks, Inc., No. 05 Civ. 2349 (DC), 2006 WL 278154, at *2 (S.D.N.Y. Feb. 2, 2006) ("The affidavit and exhibits, however, contain no reference to any Plantworks employee other than plaintiffs, and they make no allegations of a common policy or plan to deny plaintiffs overtime.") Such is not the case here. While Plaintiff's allegations are not replete with detail, they do not have to be; as is, they are sufficient to merit conditional certification. See Gauman, 2015 WL 6526440, at *2 ("The case law denying certification holds that total lack of factual allegations supporting a conclusion that other

employees are similarly situated is the basis upon which to deny a motion for conditional certification.").[2]

## Plaintiff's Proposed Notice is Approved

Plaintiff has also requested that the Court approve the proposed notice submitted by Plaintiff and that such notice be distributed to all putative collective action plaintiffs and posted in Defendants' employees' workplaces where statutory notices are posted.

The Supreme Court has recognized that the benefits of collective action accrue to plaintiffs only if they "receiv[e] accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). "[I]t lies within the discretion of a district court to begin its involvement [in the

---

[2]    Defendants' argument that Plaintiff's allegations are conclusory because, at present, no other employee has joined him in his action bears almost no mention because it has no relevancy to the present inquiry. "FLSA plaintiffs are not required to show that putative members of the collective action are interested in the lawsuit in order to obtain authorization for notice of the collective action to be sent to potential plaintiffs." Amendola v. Bristol-Myers Squibb Co., 558 F. Supp. 2d 459, 466 (S.D.N.Y. 2008) (citing Neary v. Metro. Prop. & Cas. Ins. Co., 517 F. Supp. 2d 606, 622-23 & n.7 (D. Conn. 2007)).

notice process] early, at the point of the initial notice." Id. at 171.

Here, "court-authorized notice is appropriate, to prevent erosion of claims due to the running statute of limitations, as well as to promote judicial economy." Khamsiri v. George & Frank's Japanese Noodle Rest. Inc., No. 12 Civ. 265 (PAE), 2012 WL 1981507, at *2 (S.D.N.Y. June 1, 2012). Having reviewed Plaintiff's notice and consent forms, the documents are authorized and Plaintiff may send them to all putative party plaintiffs similarly situated to Plaintiff. See id.; see also Lynch, 491 F. Supp. 2d at 371. Interested putative party plaintiffs shall be required to file their consents within 65 days of the mailing. See Malloy, 2009 WL 1585979, at *4 (finding 65 days "consistent with established practice under the FLSA").

With regard to the posting of the approved notice, "[s]uch posting at the place of employment of potential opt-in plaintiffs is regularly approved by Courts." Hernandez v. Bare Burger Dio Inc., No. 12 Civ. 7794 (RWS), 2013 WL 3199292, at *5 (S.D.N.Y. June 25, 2013) (collecting cases). Plaintiff's request is granted.

**Conclusion**

    For the foregoing reasons, Plaintiff's motion to conditionally certify as a class action is granted, Plaintiff's proposed notice is approved and authorized for distribution as described, and Defendants are directed to post the approved notice in the workplaces of their employees.

    It is so ordered.

New York, NY
August 30, 2017

ROBERT W. SWEET
U.S.D.J.